**Continental Western Group®**
*a W. R. Berkley Company*

November 16, 2018

Bryce Andersen
Andersen Farms Inc.
765 200th Street
Dakota City, NE 68731

Luanne Andersen
Andersen Family Farms
765 200th Street
Dakota City, NE 68731

## CERTIFIED MAIL – RETURN RECEIPT REQUESTED

| | | |
|---|---|---|
| Re: | Policy Number: | ABP 2386674-35 |
| | Claim #: | 40 PC 0000012493 |
| | Insured: | Andersen Farms Inc. |
| | Claimant: | City of South Sioux City, Nebraska |
| | Date of Loss: | 5/29/18 |
| | Case Caption: | *City of South Sioux City, Nebraska v. Andersen Farms, Inc., et al* |

Dear Mr. Bryce Andersen and Ms. Luanne Andersen:

Continental Western Insurance Company ("CWIC") has received your request for coverage for the above referenced matter (the "*South Sioux* lawsuit"), which arises from allegations of damage resulting from an explosion to a grain elevator located at 2415 4th Avenue, South Sioux City, Nebraska (the "Property"). CWIC issued policy no. ABP 2386674-35 to Andersen Farms, Inc. ("Andersen Farms") for the October 19, 2017 to October 19, 2018 policy period (the "Policy"). The Policy provides Commercial General Liability coverage with per occurrence, general aggregate and products-completed operations aggregate limits of $1MM, subject to a $1,500 per occurrence property damage deductible.

The purpose of this letter is to set forth CWIC's coverage position relative to your request for defense and indemnity, and to advise you of coverage issues presented by the *South Sioux* lawsuit. Based on CWIC's investigation and presently available information, CWIC agrees to participate in Andersen Farms, Inc.'s and Bryce Andersen's defense against the *South Sioux* lawsuit under the terms, conditions, limitations and exclusions of the Policy, and subject to the full reservation of rights set forth below. However, **CWIC must advise that there is no potential for coverage available under the Policy for the allegations contained in the *South Sioux* lawsuit against Andersen Family Farms and Luanne Andersen**. As explained below, Andersen Family Farms and Luanne Andersen are not insureds under the Policy.

CWIC reserves the right to withdraw from Andersen Farms' and Bryce Andersen's defense at any time and seek reimbursement of defense costs to the extent permitted by law if it is later determined that no coverage is owed under the Policy. CWIC further reserves the right to seek a declaratory judgment regarding its rights and obligations under the Policy. Notwithstanding CWIC's agreement to participate in Andersen Farms' and Bryce Andersen's defense, CWIC does not admit any liability for coverage for any portion of any claim, whether express or implied, asserted in the *South Sioux* lawsuit, but, rather, CWIC reserves the right to deny coverage (both defense and indemnity) under the terms, conditions, exclusions and limitations of the Policy, including the non-exclusive grounds described in this letter.

## BACKGROUND

Acadia Insurance Company • Continental Western Insurance Company • Firemen's Insurance Company of Washington, D.C. Tri-State Insurance Company of Minnesota • Union Insurance Company

**EXHIBIT B**

11201 Douglas Avenue • PO Box 1594 • Des Moines, Iowa 50306-1594 • 800.235.2942 • 515.473.3000

CWIC understand the facts as follows.  The claimant is the City of South Sioux City, Nebraska (the "City").  According to the City's First Amended Complaint, an explosion ripped a gaping hole in the side of a grain elevator at the Property on or about May 29, 2018.  The City's emergency personnel ostensibly responded to the scene and performed evacuations, closed adjacent streets, and further monitored the Property around the clock until the grain elevator was demolished on June 11, 2018.  The parties' structural engineers apparently deemed the grain elevator "beyond repair or rehabilitation and further [determined] that the grain elevator posed an immediate danger to the life, health, safety, and property of others."  By way of its First Amended Complaint, the City seeks to recover the costs incurred in the performance of the above identified emergency services, to the tune of $120,034.82.

The City alleges that Andersen Farms, Andersen Family Farms, Bryce Andersen and/or Luanne Andersen are responsible for these costs pursuant to the 2012 International Property Maintenance Code, Code of Ordinances of South Sioux City, Nebraska §§ 18-651, -652 ("Code of Ordinances").  In relevant part, the Emergency Measures section of the Maintenance Code provides, in part:

> [W]henever, in the opinion of the *code official,* there is *imminent danger* due to an unsafe condition, the *code official* shall order the necessary work to be done, including the boarding up of openings, to render such structure temporarily safe whether or not the legal procedure herein described has been instituted; and shall cause such other action to be taken as the *code official* deems necessary to meet such an emergency.

*Id.* § 109.2 (emphasis in original).  In addition, "[c]osts incurred in the performance of emergency work shall be paid by the jurisdiction.  The legal counsel of the jurisdiction shall institute appropriate action against the *owner* of the *premises* where the unsafe structure is or was located for the recovery of such costs."  *Id.* § 109.5 (emphasis in original).  The Property is owned by the named insured, Andersen Farms.  CWIC understands that Andersen Family Farms, a general partnership, leased the grain elevator from Andersen Farms and was performing operations at the Property at the time of the explosion.  Bryce and Luanne Andersen are general partners of Andersen Family Farms.  Bryce is also alleged to be an executive officer of Andersen Farms, Inc.  According to the City, each Defendant is a statutory "*owner* of the *premises*" and is responsible to the City for the costs incurred in the performance of the emergency work.

**THE POLICY**

The Commercial General Liability coverage part contained in the Policy includes Coverage A – Bodily Injury and Property Damage Liability coverage.  Coverage A defines an "insured" as follows:

**SECTION II - WHO IS AN INSURED**

**1.**   If you are designated in the Declarations as:

   **a.**   An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

   **b.**   A partnership or joint venture, you are an insured.  Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

   **c.**   A limited liability company, you are an insured.  Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

   **d.**   An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

**EXHIBIT B**

  **e.** A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.

**2.** Each of the following is also an insured:

  **a.** Your "volunteer workers" […], or your "employees", […] or your managers […].

  **b.** Any person […] or any organization while acting as your real estate manager.

  **c.** Any person or organization having proper temporary custody of your property if you die […].

  **d.** Your legal representative if you die […].

**3.** Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. […]

\*  \*  \*

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown
as a Named Insured in the Declarations.

\*  \*  \*

  The named insured under the Policy is Andersen Farms, Inc. Under Section II – Who is an Insured, Andersen Farms' "executive officers" and directors are insureds, but only with respect to their duties as officers or directors, Andersen Farms' stockholders are insureds, but only with respect to their liability as stockholders, and Andersen Farms' "volunteer workers," "employees," and managers are insureds, but only for acts within their scope of employment with Andersen Farms.

  Among those parties named in the City's First Amended Complaint include Andersen Farms, Inc., Andersen Family Farms, Bryce Andersen and Luanne Andersen. Andersen Farms, Inc. is the named insured under the Policy. Per records on file with the Nebraska Secretary of State, Bryce Andersen is an officer and director of the named insured. The First Amended Complaint further alleges that Bryce Andersen is an officer and director of the named insured. Thus, Bryce Andersen qualifies as an insured given the potential that he may have liability for this loss as an "executive officer" or director of the named insured, Andersen Farms, Inc.

  Andersen Family Farms is alleged to be a general partnership. CWIC has found no records on file with the Nebraska Secretary of State to confirm this is the case. This entity is not named as a named insured or additional insured under the Policy. Moreover, this entity does not qualify as an insured under the definitions set forth under Section II – Who is an Insured. Thus, Andersen Family Farms is <u>not</u> entitled to a defense under the Policy.

  Lastly, Luanne Andersen is alleged to be a general partner of Andersen Family Farms and alleged to be liable for the debts and obligations of Andersen Family Farms. The Policy states, in relevant part, that "[n]o person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations." Luanne Andersen is not alleged to be an officer or director of Andersen Farms, Inc. or an employee of the named insured. Thus, Luanne Andersen is <u>not</u> entitled to a defense under the Policy. CWIC reserves all rights under this provision.

  The Policy further states that any insured must comply with the following requirements in the event of an Occurrence, Offense, Claim or Suit:

**EXHIBIT B**

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

2. **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

\* \* \*

c. You and any other involved insured must:

   (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
   (2) Authorize us to obtain records and other information;
   (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit;" and
   (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

\* \* \*

Pursuant to the above provision, Andersen Farms and Bryce Andersen are required to cooperate with CWIC in its investigation and defense against the *South Sioux* lawsuit.  To that end, CWIC requests that Andersen Farms and Bryce Andersen continue to communicate with and assist defense counsel assigned to represent it in this matter.  Any failure by Andersen Farms or Bryce Andersen to do so might constitute a breach of the foregoing conditions, the result of which is that coverage for the *South Sioux* lawsuit may be barred under the Policy.  CWIC reserves the right to deny coverage on the basis of the foregoing provisions.

The insuring agreement contained in Coverage A, as amended by the Limitation of Coverage to Designated Premises, Project or Operation Endorsement, Form CG 21 44 (04/17), provides, in pertinent part, as follows:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. […]

\* \* \*

b. This insurance applies to "bodily injury" and "property damage" caused by an "occurrence" that takes place in the "coverage territory" only if:

   (1) The "bodily injury" or "property damage":

**EXHIBIT B**

      **(a)**    Occurs on the premises shown in the Schedule or the grounds and structures appurtenant to those premises; or

      **(b)**    Arises out of the project or operation shown in the Schedule;

**(2)**    The "bodily injury" or "property damage" occurs during the policy period; and

**(3)**    Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. […]

\*     \*     \*

As used in the Policy, and modified by the Bodily Injury Redefined Endorsement, Form CL CG 24 01 (09/16), the above terms are defined as follows:

**SECTION V - DEFINITIONS**

**3.**    "Bodily injury" means bodily injury, disability, sickness or disease sustained by a person, including death resulting from any of these at any time. "Bodily injury" includes mental anguish or other mental injury resulting from "bodily injury".

\*     \*     \*

**13.**    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\*     \*     \*

**17.**    "Property damage" means:

    **a.**    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.**    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

\*     \*     \*

    Subject to its terms, conditions, exclusions and limitations, Coverage A to the Commercial General Liability coverage part extends coverage for damages because of "bodily injury"[1] or "property damage," which includes physical injury to and/or loss of use of tangible property. Pure economic losses, such as loss of good will, injury to reputation, lost profits and investment opportunities are not covered absent some preliminary proof of an actual injury to tangible property that is also covered. In addition, a claim for loss of use of tangible property does not extend to economic losses based on lost financial interests. Instead, the loss of use of tangible property is the loss of the ability to use property as an incident to ownership, as distinguished from lost profits.

    Here, the City alleges that an explosion severely damaged the insureds' grain elevator, causing an "*imminent danger*" to persons and property and requiring the assistance of the City's emergency personnel. The City's damages, enumerated above, include costs incurred for the emergency services provided which are ostensibly owed by the

---

[1] There are no allegations of "bodily injury" contained in the First Amended Complaint.

**EXHIBIT B**

Defendants pursuant to the Code of Ordinances §§ 18-651, -652.  Based upon these allegations, the *South Sioux* lawsuit may not present a claim for "property damage" as that term is defined above, to the extent it is determined that the costs incurred by the City constitute intangible, economic losses.  Namely, the City does not seek to recover for any physical injury to and/or loss of use of tangible property owned by the City or others.  As such, CWIC reserves the right to deny coverage to the extent that there are no allegations of "bodily injury" or "property damage" contained in the *South Sioux* lawsuit, or to the extent the City's claimed damages do not constitute "sums that the insured becomes legally obligated to pay as damages because of […] 'property damage.'"  CWIC also reserves the right to deny coverage to the extent the claimed "bodily injury" or "property damage" did not "[o]ccur on the premises shown in the Schedule or the grounds and structures appurtenant to those premises; or [a]rise out of the project or operation shown in the Schedule."

Additionally, to trigger the above-cited insuring agreement in the Policy, the alleged "bodily injury" or "property damage" must be caused by an "occurrence," which is defined to mean an accident.  CWIC reserves the right to deny coverage under the Policy based on the absence of an "occurrence" resulting in "bodily injury" or "property damage."

Furthermore, the insuring agreement is only triggered to the extent the claimed "bodily injury" or "property damage" occurs during the policy period.  CWIC reserves the right to deny coverage on this basis.

The Policy's Coverage A also includes the "Owned Property" Exclusion, exclusion j.(1), which provides as follows:

> **2.** **Exclusions**
>
> This insurance does not apply to:
>
> **j.** **Damage To Property**
>
> > "Property damage" to:
> >
> > (1) Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;
>
> \*   \*   \*

The "Owned Property" Exclusion applies to preclude coverage for damage to property owned, rented or occupied by the named insured.  Because the subject explosion to the grain elevator occurred on the Property owned by Andersen Farms, CWIC reserves the right to deny coverage under the "Owned Property" Exclusion, to the extent applicable.

Additionally, pursuant to the Policy's Supplementary Payments provision, CWIC agreed as follows:

> **SUPPLEMENTARY PAYMENTS – COVERAGES A AND B**
>
> **1.** We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:
>
> > **a.** All expenses we incur.

**EXHIBIT B**

  **b.**  Up to $250 for the cost of bail bonds required because of accidents or traffic law violations arising out of the use of any vehicle to which the Bodily Injury Liability Coverage applies. We do not have to furnish these bonds.

  **c.**  The cost of bonds to release attachments, but only for bond amounts within the applicable limit of insurance. We do not have to furnish these bonds.

  **d.**  All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or "suit," including actual loss of earnings up to $250 a day because of time off from work.

  **e.**  All court costs taxed against the insured in the "suit". However, these payments do not include attorneys' fees or attorneys' expenses taxed against the insured.

  **f.**  Prejudgment interest awarded against the insured on that part of the judgment we pay. If we make an offer to pay the applicable limit of insurance, we will not pay any prejudgment interest based on that period of time after the offer.

  **g.**  All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

These payments will not reduce the limits of insurance.

* * *

CWIC reserves the right to deny or limit coverage based on the limitations contained in the Supplementary Payments provision, to the extent applicable.

### **CONCLUSION**

Based on the foregoing analysis, CWIC agrees to participate in Andersen Farms, Inc.'s and Bryce Andersen's defense against the claims asserted in the *South Sioux* lawsuit, subject to a full reservation of rights. CWIC reiterates that it reserves the right to withdraw its defense and seek reimbursement of defense costs to the extent permitted by law if it is later determined that no coverage is owed. CWIC does <u>not</u> agree to participate in the defense of Andersen Family Farms and Luanne Andersen, as they are not insureds under the Policy.

The foregoing is based solely on information available to CWIC to date. CWIC reserves the right to supplement the foregoing in the event additional information is developed or disclosed. CWIC also reserves the right to assert policy positions and defenses not discussed herein which may be discovered to be applicable. No waiver of the right to assert additional positions or defenses is intended, and such waiver is expressly denied. Any further action taken in connection with the investigation of the referenced matter should neither be construed as an admission by CWIC of coverage, nor as a waiver of any rights of CWIC to invoke the terms, conditions, limitations and exclusions of the Policy. All actions taken on behalf of CWIC are done entirely without prejudice.

Thank you for your attention to this matter.

**EXHIBIT B**

Sincerely,

*Teresa L. Roberts*

Teresa L. Roberts, SCLA
Casualty Specialist
Continental Western Group on behalf of
Continental Western Insurance Company
[A W. R. Berkley Company]
tlroberts@cwgins.com and cwgclaims@cwgins.com
515.473.3107

Enclosures

Cc:  Rene Lapierre via email
Northeast Nebraska Insurance Agency, P O Box 100, Wayne NE 68787

**EXHIBIT B**